UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-CV-00537-MEO-DCK

| | |
|---|---|
| FELECIA L. BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>ANSON COUNTY SCHOOLS,<br><br>Defendant. | **MEMORANDUM & ORDER** |

**THIS MATTER** is before the Court on the Partial Motion to Dismiss filed by Defendant Anson County Board of Education (Doc. No. 8);[1] the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 13); and Plaintiff Felecia Bailey's Objection to the M&R (Doc. No. 15). For the reasons set forth below, the Court will adopt the M&R as clarified and grant in part and deny in part the Motion.

## I. BACKGROUND

For purposes of the Motion, the Court accepts as true the well-pleaded factual allegations of the Complaint (Doc. No. 1) and recites relevant portions below. *See Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Plaintiff, an African American woman born in 1965, worked for Defendant as an "instructional coach" at Anson Middle School from August 2023 until June 2025. (Doc. No. 1 ¶¶ 8–10). In this role, Plaintiff supported teachers with their pacing, lesson

[1] Although the Complaint lists the defendant as "Anson County Schools," the parties agree that Defendant's proper name is "Anson County Board of Education." *See* (Doc. Nos. 1 at 1; 9 at 1; 11 at 1). Plaintiff states that she will "timely file an Amended Complaint with the correct name of the [d]efendant." (Doc. No. 11 at 1).

planning, and classroom management. *Id.* ¶ 10. Instructional coaches are classified differently from teachers on account of their different duties and pay ranges. *Id.* ¶ 11. A few "special conditions" are typically included in the instructional coach's employment contract. *Id.* ¶ 12.

Plaintiff alleges Defendant erroneously misclassified her as a teacher on several official documents, including her contract (which lacked the ordinary "special conditions" provision). *Id.* ¶¶ 11, 13. She also states that she was paid less and worked a different schedule than her younger, white coworkers despite performing the same job duties and having more experience. *Id.* ¶ 15.

In August 2024, Plaintiff contacted the school principal to inquire about her misclassification as a teacher. *Id.* ¶ 17. The next month, she received a response from the principal asking her to confirm the incorrect title. *Id.* ¶ 18. When Plaintiff emailed the principal to reiterate that her title was incorrect, the principal stated that employment classification was handled by the Human Resources department, which was aware of and "working on correcting" Plaintiff's issue. *Id.* ¶¶ 19–20. When Plaintiff sent a follow-up email asking to meet with both the principal and Human Resources, she did not receive a response. *Id.* ¶ 22.

Several months later, in December 2024, Plaintiff raised the issue for a second time. *Id.* ¶ 23. The principal again directed Plaintiff to Human Resources. *Id.* ¶ 24. He further advised Plaintiff that she was now an "at-will" employee because she had failed to sign her employment contract. *Id.* Plaintiff proceeded to file a grievance with

Human Resources—which then informed her, contrary to the principal's earlier statement, that employment classification was handled by the principal. *Id.* ¶ 26.

In January 2025, the principal attended a leadership meeting at which he stated publicly "that the district office was trying to convince him to fire Plaintiff." *Id.* ¶ 29. Plaintiff alleges that several wrongful acts followed. Near the end of January, "administration threatened to write Plaintiff up for insubordination." *Id.* ¶ 32. Roughly one week later, the principal "encouraged other staff members to submit false complaints about Plaintiff to Human Resources, in an effort to gather support for his accusations regarding Plaintiff's character and conduct." *Id.* ¶ 34. And throughout this period, Plaintiff "experienced a continued pattern of communication withholding from her administrators and others, which directly impacted her job performance." *Id.* ¶ 31.

On February 5, 2025, Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") in which she detailed these and other allegations. *Id.* ¶ 35. This action "subjected Plaintiff to retaliation" from Defendant's Director of Human Resources, who withheld her paycheck until Plaintiff "complained . . . to the district Superintendent." *Id.* ¶ 36. In response, Plaintiff filed a second charge with the EEOC. *Id.* ¶ 37. On May 29, 2025, Plaintiff received a notice from Defendant that it "would not be renewing her employment contract" for the upcoming school year. *Id.* ¶ 38. Plaintiff alleges that this decision "denied [her] an opportunity to grieve her termination," which prompted her to file a third EEOC charge in June 2025. *Id.* ¶¶ 39–40.

Plaintiff filed her Complaint on July 22, 2025. *Id.* at 12. She asserts four causes of action: race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); retaliation in violation of Title VII; age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); and retaliation in violation of the ADEA. *Id.* at 7–10. Plaintiff's race and age discrimination claims allege both a hostile work environment and disparate treatment. *Id.* ¶¶ 45, 60. On September 17, 2025, Defendant filed the instant "Partial Motion to Dismiss" pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. (Doc. No. 8 at 1). The Motion seeks dismissal of Plaintiff's first, third, and fourth causes of action. *Id.* at 1–2. Defendant argues that (1) Plaintiff failed to exhaust her administrative remedies as to all three of the challenged causes of action and (2) the hostile work environment claims in the first and third causes of action do not satisfy the threshold of "severe or pervasive" harassment. *See* (Doc. No. 9 at 7, 10).

The M&R concludes that Plaintiff properly exhausted her administrative remedies. (Doc. No. 13 at 11). Nonetheless, it recommends dismissing Plaintiff's hostile work environment claims based on other cases from the Fourth Circuit and this district with similar fact patterns and dispositions. *See id.* at 11–16 (collecting cases). Although the M&R limited its substantive analysis to the "hostile work environment claims," *see id.*, it concluded by recommending that the Motion "be granted as to Plaintiff's first cause of action for race discrimination in violation of Title VII and third cause of action for age discrimination in violation of the ADEA," *id.* at 17 (capitalization omitted).

Plaintiff objects to the M&R on two grounds: first, that it "improperly recommends dismissal of [her] entire race and age discrimination claims," as opposed to only those related to a hostile work environment; and second, that it erroneously drew factual inferences against her in violation of the Rule 12(b)(6) standard. (Doc. No. 15 at 2–3). Defendant did not file its own objections.

## II. LEGAL STANDARD

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After reviewing the record, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. *Id.*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cnty. N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a Rule 12(b)(6) motion determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## III. DISCUSSION

Plaintiff objects to two aspects of the M&R. First, she assigns error to the M&R's recommendation to dismiss her race and age discrimination claims in their entirety, as opposed to dismissing only her hostile work environment theory. Second,

she contends that the M&R "improperly drew factual inferences" against her in violation of the Rule 12(b)(6) standard. (Doc. No. 15 at 3). Alternatively, she requests leave to amend her Complaint. *Id.* at 4. The Court addresses each point in turn.

### A. Recommended Dismissal of Race and Age Discrimination Claims

Plaintiff first directs the Court to the M&R's recommendation that the Court dismiss her "cause[s] of action" for both race discrimination under Title VII and her claim for age discrimination under the ADEA. (Doc. No. 13 at 17); *see also* (Doc. No. 15 at 2). Plaintiff asserts that this conclusion does not follow from the M&R. Although Plaintiff's Title VII and ADEA claims each "allege not only a hostile work environment, but also disparate terms and conditions of employment," (Doc. No. 15 at 2), the M&R analyzed only the sufficiency of Plaintiff's hostile work environment claims,[2] (Doc. No. 13 at 13–16). Defendant does not contest Plaintiff's first objection. (Doc. No. 16 at 3 n.2). Although the Court agrees with the M&R (and Defendant) that Plaintiff fails to adequately allege a hostile work environment, it also agrees with the parties that Plaintiff's discrimination claims survive under her separate theory of disparate treatment.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA provides that it is "unlawful for an employer to . . . discriminate against any

[2] This is because Defendant's Motion to Dismiss "did not challenge any of [Plaintiff's] separately alleged disparate treatment theories." (Doc. No. 16 at 3 n.2)

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Litigants may assert Title VII and ADEA claims under theories of both disparate treatment and hostile working environments. *See Reid v. Dalco Nonwovens*, LLC, 154 F. Supp. 3d 273, 283 (W.D.N.C. 2016); *Baqir v. Principi*, 434 F.3d 733, 746 n.14 (4th Cir. 2006).

Here, Plaintiff alleges she "was subjected to a hostile work environment as well as disparate terms and conditions of employment" because of both race and age. (Doc. No. 1 ¶¶ 45, 60). Defendant's Motion concerns only the claims of a hostile work environment. *See* (Doc. Nos. 9 at 10; 16 at 3 n.2). Thus, the M&R's recommendation applies only to the hostile work environment claims, not the separate disparate treatment claims. This seems to be the understanding of the M&R itself. *See, e.g.*, (Doc. No. 13 at 13 ("Next, Defendant argues that . . . Plaintiff's first and third causes of action alleging a hostile work environment in violation of Title VII and the ADEA fail substantively. . . . The undersigned will recommend that Plaintiff's hostile work environment claims asserted under Title VII and the ADEA should be dismissed.")).

In context, the Court does not read the M&R to recommend dismissal of Plaintiff's entire first and third causes of action. Instead, the Court interprets the M&R to recommend dismissal of these claims only as to Plaintiff's theory of a hostile work environment. The Court will adopt that recommendation as clarified, leaving intact Plaintiff's disparate treatment claims under both Title VII and the ADEA.

### B. Improper Factual Inferences

Plaintiff next argues that the M&R "improperly draws factual inferences against [her], rather than accepting all allegations as true and drawing all reasonable inferences in her favor." (Doc. No. 15 at 3). Specifically, Plaintiff points to the M&R's use of phrases like "administrative error and delay," "bureaucratic difficulty," and "difficult working relationship" to describe her factual allegations and justify its recommendation of dismissal. *Id.* In response, Defendant contends that the M&R's conclusion resulted not from a failure to apply the correct legal standards, but rather from Plaintiff's inability to clear the high substantive bar of a hostile work environment. (Doc. No. 16 at 4). The Court agrees with Defendant.

To state a hostile work environment claim, a plaintiff must prove several elements—among them that "the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere."[3] *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir. 1998). A showing of sufficiently severe or pervasive harassment requires "that the work environment was not only subjectively hostile,

---

[3] In *Muldrow v. City of St. Louis*, the Supreme Court considered "whether an employee challenging [an adverse employment action] under Title VII must meet a heightened threshold of harm—be it dubbed significant, serious, or something similar." 601 U.S. 346, 353 (2024). The Court held that the text of Title VII only required a showing of "some harm respecting an identifiable term or condition of employment." *Id.* at 354–55.

Some circuits have read *Muldrow* to abrogate the "severe or pervasive" requirement for hostile work environment claims. *See, e.g.*, *McNeal v. City of Blue Ash*, 117 F.4th 887, 904 (6th Cir. 2024). The Fourth Circuit has not yet resolved the question by published opinion. *See Barnhill v. Bondi*, 138 F.4th 123, 129 (4th Cir. 2025) (holding that the plaintiff waived this argument); *Hansley v. DeJoy*, No. 23-1426, 2024 WL 4947275, at *2 (4th Cir. Dec. 3, 2024) (unpublished) (continuing to apply the "severe or pervasive" standard in *Muldrow*'s wake).

but also objectively so." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011). "[P]laintiffs must clear a high bar in order to satisfy the severe or pervasive test. . . . [E]ven incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008); *see also, e.g.*, *Decoster v. Becerra*, 119 F.4th 332, 337–39 (4th Cir. 2024) (holding that a plaintiff whose manager had berated and threatened to fire her in front of her co-workers had not pled severe or pervasive harassment); *Tigner v. Charlotte-Mecklenburg Schs.*, No. 3:18-CV-00680-RJC-DSC, 2019 WL 5420105, at *5 (W.D.N.C. Oct. 23, 2019) (concluding that "inappropriate and offensive" remarks about the plaintiff's hair and false insinuations that her son had a criminal record were not severe and pervasive).

Like Defendant, the Court observes that Plaintiff does not identify specific facts she believes the M&R misinterpreted or legal authority it misapplied. *See* (Doc. No. 16 at 4). Instead, she restates her most salient allegations and asks the Court to infer from phrasing that the M&R "improperly recast[ed those facts] as benign conduct . . . ." (Doc. No. 15 at 3–4). But it is well settled that courts "need not accept as true unwarranted inferences" from factual allegations. *Nemet Chevrolet*, 591 F.3d at 253; *see also Fisher Bros. Sales v. United States*, 46 F.3d 279, 286 (3d Cir. 1995) ("[T]he fact that we must accept the plaintiffs' version of the facts as true does not mean that we must accept [the] plaintiffs' *characterization* of those facts."). The M&R's language simply denotes that Plaintiff's allegations do not rise to the level of severe or pervasive conduct, even at this early stage. *Cf. Decoster*, 119 F.4th at 139

(explaining that the plaintiff's factual allegations "center[ed] on a difficult working relationship," not a hostile work environment).

The Court finds the M&R's analysis to be on point, and it adopts that discussion as its own. The M&R did not draw factual inferences against Plaintiff. Instead, it took her allegations as true and scrutinized them against an especially stringent legal standard. In other words, Plaintiff's hostile work environment claims failed on their merits, not the M&R's erroneous application of Rule 12(b)(6). Plaintiff's second objection is overruled.

**C. Leave to Amend**

Finally, the Court considers Plaintiff's "alternative[]" request for leave to amend the Complaint, in which she states that she will provide unspecified "additional detail" about her hostile work environment claims. (Doc. No. 15 at 4). Defendant makes several arguments as to why the Court should deny this offer. *See* (Doc. No. 15 at 5–7). It notes that Plaintiff has not properly moved for leave,[4] fails to identify which "additional detail[s]" would elevate her allegations to severe or pervasive harassment, and waited until after she had received an unfavorable M&R to raise the issue. *Id.* The Court agrees with Defendant.

At this stage of the litigation, the Federal Rules of Civil Procedure permit Plaintiff to "amend [her] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 advises that "[t]he court should freely give leave when justice so requires." *Id.* Still, the Court must consider whether

[4] The Local Rules provide: "Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading." W.D.N.C. Civ. R. 7.1(c)(2).

amendment would prejudice Defendant. *See Allison Outdoor Advert., LP v. Town of Canton*, No. 1:11-CV-58, 2012 WL 4061510, at *11 (W.D.N.C. Sept. 14, 2012). "The referral of a dispositive motion to the [m]agistrate [j]udge for a recommendation as to its disposition is not intended to provide the parties with a[n] advisory ruling on the sufficiency of their pleadings. Rather, it is a mechanism by which the [m]agistrate [j]udge can evaluate the merits . . . ." *Id.*

The Court concludes that amendment would be both prejudicial and futile. Were the Court to allow Plaintiff to amend her Complaint here, "it would encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a [m]agistrate [j]udge's opinion [and] impermissibly place a federal judge in the position of rendering advisory opinions." *Id.* (quotation omitted). Plaintiff—who is represented by counsel—identifies no additional facts or authority that would alter the analysis. As Defendant observes, "Plaintiff chose the claims to assert and the facts to plead," (Doc. No. 16 at 7), and "[i]t is not the role of this Court to fix Plaintiff's [pleading]," *Eller v. Kaufman*, No. 2:11-CV-31, 2012 WL 3018295, at *11 n.5 (W.D.N.C. July 24, 2012). Plaintiff's request is denied.

For the reasons already discussed, and for the reasons stated in the M&R, the Court finds that Plaintiff failed to plausibly allege the sort of hostile work environment that would give rise to claims under Title VII and the ADEA. Therefore, the Court adopts the M&R's recommendation to dismiss the Title VII and ADEA claims alleging a hostile work environment. The Court will also adopt the remaining portions of the M&R, to which the parties did not object, because they do not amount

to clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Thomas v. Arn*, 474 U.S. 140, 153 (1985) (explaining the scope of the district court's review under the Federal Magistrate Act).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The M&R is **ADOPTED**;
2. Defendant's Partial Motion to Dismiss (Doc. No. 8) is **GRANTED in part** and **DENIED in part**; and
3. This case shall **proceed toward trial on the merits of the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED.**

Signed: October 1, 2026

Matthew E. Orso
United States District Judge